UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KENYATTA WILLIAMS,

                            Petitioner,                  **OPINION & ORDER**
                                                                          **CV-09-0363 (SJF)**

      -against-

ROBERT ERCOLE, Superintendent,
Green Haven Correctional Facility,

                            Respondent.
----------------------------------------------------------X
FEUERSTEIN, J.

On August 10, 2004, a judgment of conviction was entered against petitioner Kenyatta Williams ("petitioner") in the County Court of the State of New York, Suffolk County (Hinrichs, J.), upon a jury verdict finding him guilty of murder in the second degree and imposition of sentence. On January 2, 2009, petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner now seeks a stay of his petition pending exhaustion of his claims in state court. For the reasons set forth herein, petitioner's application is denied.

I.      BACKGROUND

On August 10, 2004, a judgment of conviction was entered against petitioner in the County Court, Suffolk County (Hinrichs, J.) (the trial court), upon a jury verdict finding petitioner guilty of murder in the second degree (intentional), N.Y. Penal Law § 125.25(1), and imposition of sentence to an indeterminate term of imprisonment of twenty-five (25) years to life.

Petitioner appealed the judgment of conviction to the Supreme Court of the State of New

1

York, Appellate Division, Second Judicial Department on the grounds, *inter alia*: (1) that the trial court improperly permitted the prosecutor (a) to bolster the prior in-court identification of petitioner by a witness, Anthony Walker ("Walker"), with the testimony of a police officer, Sergeant Madden ("Madden"), on redirect examination, and (b) to impeach her own witness, Tamikia Ivory ("Ivory"), with Ivory's prior inconsistent statement; (2) that petitioner was denied a fair trial by the cumulative effect of the prosecutor's improper statements during summation; (3) that the verdict was legally insufficient and against the weight of the evidence; and (4) that the sentence imposed was harsh and excessive.

On August 7, 2007, the Appellate Division, Second Department affirmed the judgment of conviction, finding, *inter alia*: (1) that it was proper for the prosecutor to elicit from Madden on redirect examination the portions of Walker's statement that had not been introduced on cross-examination; (2) that the verdict was not against the weight of the evidence; (3) that the sentence imposed was not excessive; and (4) that petitioner's remaining contentions were unpreserved and, in any event, without merit. People v. Williams, 43 A.D.3d 414, 414-415, 840 N.Y.S.2d 815 (2d Dept. 2007). On October 1, 2007, the Court of Appeals denied leave to appeal the order of the Appellate Division. People v. Williams, 9 N.Y.3d 965, 848 N.Y.S.2d 34, 878 N.E.2d 618 (2007). Thus, petitioner's judgment of conviction became final on December 31, 2007[1], when his time expired to seek direct review by writ of certiorari to the United States Supreme Court. See Rule 13(1) of the Rules of the Supreme Court of the United States; 28 U.S.C. § 2101(d); Jimenez v. Quarterman. ___ U.S. ___, 129 S.Ct. 681, 685-686, 172 L.Ed.2d 475 (2009).

On or about January 2, 2009, petitioner filed this petition for a writ of habeas corpus

---

[1] December 30, 2007 being a Sunday.

pursuant to 28 U.S.C. § 2254, alleging: (1) that the trial court improperly permitted the prosecutor (a) to bolster the prior in-court identification of petitioner by Walker with the testimony of Madden on redirect examination, and (b) to impeach Ivory with Ivory's prior inconsistent statement; (2) that petitioner was denied a fair trial by the cumulative effect of the prosecutor's improper statements during summation; and (3) that the verdict was legally insufficient and against the weight of the evidence. Respondent filed his return on April 6, 2009.

Petitioner now moves for an order staying this proceeding to permit him to file an application for a writ of error coram nobis in state court challenging his appellate counsel's failure: (a) to raise two (2) "very pertinent issues" on his direct appeal, (Petitioner's Declaration in Support of his Motion to Stay [Pet. Decl.], ¶ 1); and (b) to investigate and establish that Walker falsely testified to knowing petitioner. According to petitioner, he "made dilligent [sic] efforts to address the particular issues raised in * * * [his application for a] writ of error coram nobis. However there were many hurdles to overcome before the motion could be filied [sic], more importantly were documentsforom [sic] the courts." (Pet. Decl., ¶ 11).

II. DISCUSSION

A. Leave to Amend

Since petitioner seeks a stay to exhaust a claim not raised in his original habeas petition, I must first determine whether he may amend his petition to include a claim of ineffective assistance of appellate counsel.

Rule 15(a) of the Federal Rules of Civil Procedure governs the standard for determining a motion to amend a habeas corpus petition that has not yet been decided on the merits. See

3

Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001); see also 28 U.S.C. § 2242 (providing that a petition for a writ of habeas corpus "may be amended * * * as provided in the rules of procedure applicable to civil actions"); Rules Governing Section 2254 Cases in the United States District Courts (Habeas Corpus Rules), Rule 11 (permitting application of the Federal Rules of Civil Procedure in habeas cases to the extent they are not inconsistent with any statutory provisions or the Habeas Corpus Rules); Fed. R. Civ. P. 81(a)(4) (stating that the civil rules are applicable to habeas corpus proceedings "to the extent that the practice * * * is not specified in a federal statute, [or] the [Habeas Corpus Rules] * * *."). Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; * * *. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Since respondent filed his response to the petition, and has not filed written consent to amend, I construe petitioner's application for a stay as also seeking leave to amend the petition to assert an ineffective assistance of appellate counsel claim.

Notwithstanding the liberal amendment requirement of Rule 15(a), leave may be denied "in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive," Littlejohn, 271 F.3d at 363; see also Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), or where the proposed amendment would be futile. See Jones v. New York State Div. of Military and Naval Affairs, 166 F.3d 45, 50 (2d Cir. 1999).

1. Futility of Proposed Claim

   a. Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, governs applications of incarcerated state court defendants seeking federal habeas corpus relief. The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d)(1). Pursuant to the AEDPA, the limitations period runs

> "from the latest of– (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

The limitations period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

Since the factual predicate of petitioner's ineffective assistance of appellate counsel claim could clearly have been discovered as of the date counsel filed his appellate brief, and the other two (2) provisions of Section 2244(d)(1) are inapplicable, petitioner's judgment of conviction became final on December 31, 2007. Thus, pursuant to the AEDPA, petitioner was required to file his petition for a writ of habeas corpus on or before December 31, 2008.[2] As petitioner did

---

[2] The petition was received and docketed by the Clerk of the Court on January 2, 2009. However, petitioner's certificate of service indicates that he gave the petition to prison authorities to be forwarded to the court clerk on December 29, 2008. Thus, pursuant to the "prison mailbox rule," see Houston v. Lack, 487 U.S. 266, 270-271, 108 S.Ct. 2374, 101 L.Ed.2d 245 (1988); see also Fernandez v. Artuz, 402 F.3d 111, 113-114 (2d Cir. 2005) (recognizing that the prison mailbox rule has been applied to fix the date on which a federal habeas corpus petition is filed),

5

not file any application for collateral review in the state court, and indeed had not yet filed his petition for a writ of error coram nobis as of the date he filed his motion to stay the instant habeas proceeding, (see Pet. Decl., ¶ 1 "the petitioner has drafted and *is prepared to* submit a writ of error coram nobis in the state court * * *."), the limitation period was never statutorily tolled.

Nor was the AEDPA limitation period equitably tolled. Equitable tolling is available only in "rare and exceptional circumstance[s]," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000), where the petitioner is prevented from timely filing by circumstances beyond his or her control, and only upon a showing that he or she acted with reasonable diligence throughout the period he or she seeks to toll. See, Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001). Despite petitioner's conclusorily assertion that he acted diligently, it is clear that petitioner is only now challenging the effectiveness of his appellate counsel because the respondent alleged in his opposition to the habeas petition that certain of his claims were unexhausted. (Pet. Decl., ¶ 1). Accordingly, the doctrine of equitable tolling is unavailable to petitioner.

An amendment made after the statute of limitations has run relates back to the date of the original pleading if, *inter alia*, the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out– or attempted to be set out– in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In federal habeas proceedings, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims," Mayle v. Felix, 545 U.S. 644, 659, 664, 125 S.Ct. 2562, 162 L.ed.2d 582 (2005) (quotations omitted), and is unavailable merely because the proposed claims relate to the same trial, conviction, or sentence as the original petition. See Id. at 662-664. Since petitioner's ineffective

---

the petition was timely filed.

assistance of appellate counsel claim is not tied to a "common core of operative facts," but rather is a discrete claim based upon discrete facts, i.e., the contents of the appellate brief filed by appellate counsel and the investigation conducted by appellate counsel, which are irrelevant to the claims including in the original petition, any ineffective assistance of appellate counsel claim does not relate back to the original petition. Accordingly, petitioner's ineffective assistance of appellate counsel claim is time-barred under the AEDPA and, thus, any amendment of the petition to assert such a claim would be futile.

### B. Stay and Abeyance

Since the proposed unexhausted claim is plainly meritless and petitioner has not demonstrated good cause for his failure to exhaust his ineffective assistance of appellate counsel claim, petitioner's application to stay this proceeding is denied. See Rhines v. Weber, 544 U.S. 269, 274, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (holding that the "stay and abeyance" option should be available only in limited circumstances, i.e. "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and even then, should not be granted when the unexhausted claims are plainly meritless).

### III. CONCLUSION

Petitioner's application for a stay of his habeas petition is denied, but petitioner is granted an extension of time to respond to the respondent's return until August 3, 2009. The Clerk of the Court is directed to service notice of entry of this Order on all parties in accordance with

Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* petitioner at his last known address, see Fed. R. Civ. P. 5(b)(2)(C).

SO ORDERED.



_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 7, 2009
       Central Islip, New York

Copies to:

Kenyatta Williams, *pro se*
05A0170
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

Suffolk County District Attorney's Office
Criminal Courts Building
200 Center Drive
Riverhead, New York 11901
Attn: Michael J. Miller, A.D.A.